614 F.2d 1267
 Armando A. CORDOVA, Jr., Raymond Gutierrez, Eddie Diaz and
Thomas William Martinez, Petitioners-Appellants,
v.
Levi ROMERO, Warden, and Attorney General of the State of
New Mexico, Respondents-Appellees.
 Nos. 79-1288, 79-1302, 79-1312 and 79-1324.
 United States Court of Appeals,
Tenth Circuit.
 Argued Sept. 14, 1979.
Decided Feb. 11, 1980.
 
 R. Raymond Twohig, Jr., Asst. Federal Public Defender, Albuquerque, N. M., for petitioners-appellants.
 Andrea Buzzard, Asst. Atty. Gen., Santa Fe, N. M. (Jeff Bingaman, Atty. Gen., Santa Fe, N. M., on brief), for respondents-appellees.
 Before SETH, Chief Judge, McKAY, Circuit Judge, and MATSCH, District Judge.*
 McKAY, Circuit Judge.
 
 
 1
 In this consolidated appeal four prisoners in the New Mexico penitentiary challenge the district court's denial of their petitions for habeas corpus. Each argues that as a result of a single act the use of a firearm in the commission of a crime his sentence was twice enhanced, thereby violating the constitutional prohibition against double jeopardy.
 
 
 2
 Although the underlying crimes committed by the petitioners vary, the use of a firearm had equivalent effects on the sentences of each. We will therefore use the particulars of only one case to delineate the issue on appeal.
 
 
 3
 Cordova was convicted of two counts of aggravated assault in violation of N.M.Stat.Ann. § 30-3-2A (1978).[1] The crime of aggravated assault requires use of a deadly weapon,[2] a requirement satisfied by the firearm used by Cordova. N.M.Stat.Ann. § 30-1-12 B (1978). While simple assault is a petty misdemeanor, aggravated assault is a fourth degree felony, punishable by imprisonment of from one to five years. Because Cordova used a firearm in the commission of a felony, he also fell within the explicit language of New Mexico's firearm sentencing statute, N.M.Stat.Ann. § 31-18-4.[3] As a result, Cordova's sentences, which would have been one-to-five-year terms if he had committed assault with any deadly weapon other than a gun, were mandatorily set at six-to-ten years. Thus, although more than one statute is invoked, the ultimate effect of the challenged New Mexico scheme is to fix one range of sentences for certain crimes committed using a gun, a different range for those same crimes committed with any other deadly weapon, and a still different range if no deadly weapon is employed. The New Mexico legislature has obviously concluded that the means employed in the commission of felonies determines the seriousness of the crime and fixed a single range of sentences for each level of gravity.
 
 
 4
 The Double Jeopardy Clause is aimed at the improper exercise of prosecutorial and judicial discretion. "The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishment; but once the legislature has acted courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial." Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). By their explicit nature the New Mexico sentencing provisions do not increase discretion. Had it been more clearly expressed, the scheme without question would be constitutionally sound.[4] If we were to overturn the adopted scheme for its inartful form, our "judicial veto . . . would operate not as a substantive or penological restriction but as a literary critique of the legislature." Note, Twice in Jeopardy, 75 Yale L.J. 262, 302 (1965). Although a noble pursuit, literary criticism is normally not this court's calling.
 
 
 5
 While we are not bound by New Mexico's determination of the double jeopardy implications of its statutes, we are bound by the state's interpretation of the language of its own statutes and of the legislative intent behind them. See Garner v. Louisiana, 368 U.S. 157, 169, 82 S.Ct. 248, 254, 7 L.Ed.2d 207 (1961). The New Mexico Court of Appeals has found that the firearm sentencing statute "does not create a new class of crimes. Rather, this statute provides for additional consequences for felonies committed by use of a firearm." See State v. Gabaldon, 92 N.M. 230, 585 P.2d 1352, 1356 (Ct.App.), cert. denied, 92 N.M. 260, 586 P.2d 1089 (1978). With the statutes so interpreted, the state has acted within its power to fix punishments.
 
 
 6
 Petitioners direct us to the suggestive dictum of Simpson v. United States, 435 U.S. 6, 11, 98 S.Ct. 909, 912, 55 L.Ed.2d 70 (1978): "Cases in which the Government is able to prove violations of two separate criminal statutes with precisely the same factual showing . . . raise the prospect of double jeopardy . . . ." In Simpson, however, the second federal statute is not merely a firearm sentencing statute. The Court explicitly noted that the firearm statute creates a distinct offense. 435 U.S. at 10, 98 S.Ct. at 911.[5] The enactment specifically provides for "conviction under this subsection," 18 U.S.C. § 924(c)(2), and Simpson had been charged with violating the firearm statute in a separate count. In contrast, the New Mexico firearms statute is, by its own terms and in actual application, directed at sentencing only. The state court in Gabaldon agreed. 585 P.2d at 1356.
 
 
 7
 In these cases petitioners did not face "dual penalties," as they argue, but one more severe penalty for a single offense committed with a gun. We have nothing in the record before us to justify any finding of prosecutorial or judicial abuse, and these statutes, though inartfully drafted, are not outside the range of legislative prerogative.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Of the United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 At the time of conviction, this section was numbered 40A-3-2. Petitioner Diaz was convicted of aggravated assault of a peace officer and armed robbery, petitioner Gutierrez and petitioner Martinez of armed robbery. See N.M.Stat.Ann. § 40A-22-21, now § 30-22-22 (1978) (aggravated assault of a peace officer), and N.M.Stat.Ann. § 40A-16-2, now § 30-16-2 (1978) (armed robbery)
 
 
 [2]
 N.M.Stat.Ann. § 30-3-2A provides in pertinent part:
 Aggravated assault consists of . . . unlawfully assaulting or striking at another with a deadly weapon . . . . Whoever commits aggravated assault is guilty of a fourth degree felony.
 
 
 [3]
 A. When a separate finding of fact by the court or jury shows that a firearm was used in the commission of: (1) any felony except a capital felony, the minimum and maximum terms of imprisonment prescribed by the Criminal Code shall each be increased by five years; and (2) for any crime constituting a felony other than a capital felony, the court shall not suspend the first one year of any sentence imposed
 B. For second and subsequent felonies other than a capital felony in which a firearm is used, the minimum and maximum terms of imprisonment prescribed by the Criminal Code shall be increased by five years and the court shall not suspend or defer all or any part of the sentence nor shall parole be considered unless the minimum sentence has been served.
 C. If the case is tried by a jury and if a prima facie case has been established showing that a firearm was used in the commission of the offense, the court shall submit the issue to the jury by special interrogatory.
 N.M.Stat.Ann. § 31-18-4 (1978), formerly § 40A-29-3.1.
 
 
 [4]
 Under a single explicit sentencing scheme, the only constitutional issue arises from the application of the Eighth Amendment. See Westen & Drubel, Toward a General Theory of Double Jeopardy, 1978 Sup.Ct.Rev. 81, 115
 
 
 [5]
 The Simpson Court was then able to avoid the double jeopardy issue by deciding that Congress did not intend simultaneous prosecutions under both statutes for the same criminal acts. 435 U.S. at 13-16, 98 S.Ct. at 913-914. But see United States v. Crew, 538 F.2d 575 (4th Cir.), cert. denied, 429 U.S. 852, 97 S.Ct. 144, 50 L.Ed.2d 127 (1976)