**Harold Dean MAY, Petitioner-Appellant,**

v.

**George W. SUMNER, Warden,
Respondent-Appellee.**

**No. 78–3473.**

United States Court of Appeals,
Ninth Circuit.

July 3, 1980.

Harold Dean May, in pro. per.

John H. Sugiyama, Deputy Atty. Gen., San Francisco, Cal., on briefs, for respondent-appellee.

Before KILKENNY and SCHROEDER, Circuit Judges, and CAMPBELL *, District Judge.

SCHROEDER, Circuit Judge:

Appellant, Harold Dean May, was convicted in 1976 of two counts of first degree robbery in California state court. First degree robbery is defined to include robbery by a person "armed with a dangerous or deadly weapon." Cal. Penal Code § 211a. His punishment on each count was enhanced by an additional term pursuant to Cal. Penal Code § 12022.5 because the jury found that he used a firearm during the commission of both crimes.[1]

In this appeal from the denial of his petition for habeas corpus, he challenges the enhancement on double jeopardy grounds. He contends that since he was first convicted of robbery with a dangerous or deadly weapon and then received an additional sentence for using a firearm, he has been punished twice for the same act in violation of the double jeopardy clause. We affirm.

Appellant's claim rests upon language in *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978). *Simpson* held that when Congress enacted statutes creating two separate offenses, one for bank robbery with a "dangerous weapon" and the other for committing a felony with a firearm, Congress did not intend conviction and punishment under both. *See also Busic v. United States*, —— U.S. ——, 100

---

\* Honorable William J. Campbell, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

1. At the time of appellant's offenses, Cal. Penal Code § 12022.5 provided:

"Any person who uses a firearm in the commission or attempted commission of a robbery . . . shall, in addition to the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the state prison for a period of not less than five years. Such additional period of imprisonment shall commence upon expiration or other termination of the sentence imposed for the crime of which he is convicted and shall not run concurrently with such sentence.

This section shall apply even in those cases where the use of a weapon is an element of the offense."

Cal. Penal Code § 12022.5 now provides:

"Any person who personally uses a firearm in the commission or attempted commission of a felony shall . . . in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he has been convicted, be punished by an additional term of two years, unless use of a firearm is an element of the offense of which he was convicted.

The additional term provided by this section may be imposed in cases of assault with a deadly weapon under Section 245."

S.Ct. 1747, 64 L.Ed.2d 381 (1980)[2]. In the language upon which appellant relies, the *Simpson* Court stated that if Congress had intended possible conviction and punishment under both statutes, double jeopardy questions would arise. "Cases in which the Government is able to prove violations of two separate criminal statutes with precisely the same factual showing, as here, raise the prospect of double jeopardy and the possible need to evaluate the statutes in light of the *Blockburger* test." [*Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)]. *Simpson v. United States, supra*, 435 U.S. at 11, 98 S.Ct. at 912.

The question left open in *Simpson* was thus whether two statutes creating two separate felony offenses but with overlapping factual elements could both be the basis for punishment in a single proceeding. Lower courts have grappled inconsistently with that question. See, e.g., both the majority and dissenting opinions in *Wayne County Pros. v. Recorder's Ct. Judge*, 406 Mich. 374, 280 N.W.2d 793, *appeal dismissed*, 444 U.S. 948, 100 S.Ct. 418, 62 L.Ed.2d 317 (1979). *See also Sours v. State*, 593 S.W.2d 208 (Mo.1980).

The issue in this case, however, is different. The two statutes in question did not create two separate offenses. Rather § 12022.5 was merely a sentencing provision which provided that if a firearm was used to commit certain felonies, including robbery, increased punishment must ensue. It did not define a separate offense. *In re Culbreth*, 17 Cal.3d 330, 130 Cal.Rptr. 719, 551 P.2d 23 (1976).[3]

This case is thus virtually identical to *Cordova v. Romero*, 614 F.2d 1267 (10th Cir.1980), dealing with a New Mexico firearm enhancement statute which had been interpreted by the state court of appeals as creating no separate offense. The petitioners there, as here, were convicted of offenses which had as elements the use of a deadly weapon, and their sentences were appropriately increased under the firearm enhancement statute.

We are in agreement with Judge McKay's opinion for the Tenth Circuit holding that no double jeopardy violations occurred. The double jeopardy clause does not limit the legislature's power to impose sentences for a given crime. It is uncontested that the California legislature could have created a single offense which provided one sentence for simple robbery, a greater sentence for robbery with a deadly weapon, and a still greater sentence if the deadly weapon were a firearm. California chose to accomplish this result by two statutes instead of one. To strike down the scheme adopted by California in this case would "operate not as a substantive or penological restriction, but as a literary critique of the legislature." *Cordova v. Romero, supra*, at 1269, quoting, Note, *Twice in Jeopardy*, 75 Yale L.J. 262, 302 (1965).

Affirmed.

---

**2.** In *Whalen v. United States*, —— U.S. ——, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the Court held that the District of Columbia Code did not authorize prosecution and punishment for both rape and felony murder based on rape. As in *Simpson*, the decision was based upon statutory grounds. The majority further held that since multiple punishment was not intended by Congress, imposition of multiple punishments would violate the double jeopardy clause.

**3.** California courts have also held that application of § 12022.5 as enhancement did not violate California's statutory prohibition against multiple punishment for the same act. *People v. Henry*, 14 Cal.App.3d 89, 91 Cal.Rptr. 841 (1970); *People v. Rutkowsky*, 53 Cal.App.3d 1069, 126 Cal.Rptr. 104 (1975).