658 P.2d 999

STATE of Idaho, Plaintiff-Respondent,

v.

Anthony Carmen GALAVIZ,
Defendant-Appellant.

No. 14062.

Court of Appeals of Idaho.

Feb. 8, 1983.

Douglas R. Whipple of Herman E. Bedke, Burley, for defendant-appellant.

David H. Leroy, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Lance D. Churchill, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Anthony Carmen Galaviz and a companion committed two armed robberies in the city of Burley on July 23, 1978. Apprehended that day with a pistol and the stolen money in his possession, Galaviz later pled guilty to both counts of robbery. After reviewing the presentence report, which indicated that Galaviz, then twenty-two years of age, had a prior juvenile and misdemeanor record, the district court sentenced him to two five-year concurrent terms for the robberies on September 1, 1978. In addition, pursuant to I.C. § 19–2520, the court imposed a three-year term, to be served consecutively, for Galaviz's use of a firearm during the crimes.[1]

Nearly two years later, Galaviz filed a motion in the district court under Idaho Criminal Rule 35 to correct what he claimed was an illegal sentence. Galaviz based his claim on the Double Jeopardy Clause of the Fifth Amendment, asserting that the court illegally had exacted multiple penalties by imposing the two five-year terms for armed robbery and the additional sentence for the use of a firearm. Galaviz also asserted that the imposition of an enhanced sentence under I.C. § 19–2520 violated I.C. § 18–301. Finally, Galaviz challenged his sentence on due process grounds, contending that the information charging him with armed robbery did not give proper notice of the state's intention to rely on I.C. § 19–2520 for enhancement of his sentence. Galaviz contended that the lack of notice deprived him of the basis for making a knowing and intelligent decision to plead guilty to the charges.

The district judge conducted a hearing and considered each of the issues raised by Galaviz. After the court entered its order denying Galaviz's motion, this appeal was taken and the same issues are raised again. We affirm the order of the district court.

I

The Fifth Amendment's Double Jeopardy Clause applies to the states through the Fourteenth Amendment. *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The guarantee against double jeopardy encompasses three distinct constitutional protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishment for the same offense." *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). Galaviz contends that by imposing an "additional" sentence for his use of a firearm the district court violated the third of these guarantees.

Galaviz predicates this argument upon the language of the judgment of conviction. After imposing a five-year term for each count of robbery, the judgment continues:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant receive an additional three (3) years pursuant to I.C. § 19–2520 for the use of a firearm in the commission of the aforesaid crimes, said term to run consecutive to Counts I & II.

Galaviz argues that the use of the word "additional", in this paragraph shows that he was illegally sentenced twice for the same underlying offense.

Our Supreme Court has noted that I.C. § 19–2520 does not define or create a separate offense, but is merely a sentence enhancing statute that comes into play after a defendant is convicted of one of the enu-

---

1. Idaho Code § 19–2520 provides in part:

   Any person convicted of a violation of . . . [enumerated felonies], or 18–6501 (robbery defined), Idaho Code, who carried, displayed, used, threatened, or attempted to use a firearm or other deadly weapon while committing the crime, shall, in addition to the sentence imposed for the commission of the crime, be imprisoned in the state prison for not less than three (3) nor more than fifteen (15) years. Such additional sentence shall run consecutively to any other sentence imposed for the above cited crimes.

   At the time relevant to Galaviz's convictions, this statute applied to felonies involving firearms only, not other deadly weapons.

merated offenses. *State v. Cardona*, 102 Idaho 668, 670, 637 P.2d 1164, 1166 (1981). In recent years many state and federal courts have had occasion to address constitutional challenges to statutes which, like I.C. § 19–2520, provide for enhanced sentences for felonies committed with the aid of firearms or other deadly weapons. In each case such statutes have survived arguments that the imposition of enhanced penalties violates the constitutional prohibition against multiple punishments. *See e.g., May v. Sumner*, 622 F.2d 997 (9th Cir.1980); *Cordova v. Romero*, 614 F.2d 1267 (10th Cir.1980); *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980); *People v. Henry*, 14 Cal. App.3d 89, 91 Cal.Rptr. 841 (1970); *State v. Davison*, 614 P.2d 489 (Mont.1980); *Woofter v. O'Donnell*, 91 Nev. 756, 542 P.2d 1396 (1975); *State v. Gabaldon*, 92 N.M. 230, 585 P.2d 1352 (N.M.App.1978); *State v. Foster*, 91 Wash.2d 466, 589 P.2d 789 (1979).

The rationale the courts generally have adopted, in upholding enhanced penalty statutes, is that the statutes do not provide for multiple penalties but rather provide for a single more severe penalty when an offense is committed with a deadly weapon. In *May v. Sumner, supra*, for example, the appellant's punishment on each of two counts of robbery was enhanced pursuant to Cal.Pen.Code § 12022.5 because the jury found that he had used a firearm during the commission of both crimes. Rejecting a double jeopardy attack on the statute, the court concluded:

> The double jeopardy clause does not limit the legislature's power to impose sentences for a given crime. It is uncontested that the California legislature could have created a single offense which provided one sentence for simple robbery, a greater sentence for robbery with a deadly weapon, and a still greater sentence if the deadly weapon were a firearm. California chose to accomplish this result by two statutes instead of one. To strike down the scheme adopted by California in this case would "operate not as a substantive or penological restriction, but as a literary critique of the legislature." *Cordova v. Romero, supra* at 1269, quoting

Note, Twice in Jeopardy, 75 Yale L.J. 262, 302 (1965).

622 F.2d at 999.

The U.S. Supreme Court recently has laid to rest any doubt about the result reached in the cases cited above. In *Missouri v. Hunter*, —— U.S. ——, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the Supreme Court reversed a decision by the Missouri Supreme Court, which had held that Hunter could not be convicted in the same trial of both robbery in the first degree and armed criminal action, where the same acts of the defendant had been used to convict him of each charge. The U.S. Supreme Court upheld Missouri statutes which provided cumulative punishment for two separate crimes arising out of the same criminal conduct. The Court held that where the cumulative punishment is within the legislature's intent, it does not violate the Double Jeopardy Clause of the Fifth Amendment. At page 678 of 103 S.Ct., the Supreme Court said:

> With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.

At page 678 of 103 S.Ct., the Court summarized its holding as follows:

> Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger* [*v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306] a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

The Idaho legislature has chosen to fix different penalties for the crime of robbery—a lesser penalty where the crime is committed without the use of a deadly weapon, and a greater one where a deadly weapon is involved. The legislature has adopted two statutes rather than one to accomplish this result.

■ The Idaho legislature clearly has intended to authorize the courts, under I.C. § 19–2520, to impose additional punishment for robbery where that crime is accomplished with use of a firearm. The penalty actually imposed upon Galaviz was well within the limits intended by the legislature. Consequently we hold that the sentence in this case did not violate the Double Jeopardy Clause of the Fifth Amendment.

## II

We next consider Galaviz's contention that imposing a five-year sentence for robbery under I.C. § 18–6503 and an additional, consecutive three-year term under § 19–2520 violated § 18–301 of the Code.[2]

In *State v. Horn,* 101 Idaho 192, 197, 610 P.2d 551, 556 (1980), our Supreme Court said:

Idaho's multiple punishment statute, I.C. § 18–301, exceeds the scope of the constitutional constraints on double jeopardy. Under § 18–301 a defendant cannot be punished twice for the same *act,* rather than the same *crime.* If defendant's single action creates liability under two criminal statutes, defendant can only be punished under one statute. *See State v. Brusseau,* 96 Idaho 558, 532 P.2d 563 (1975). [Emphasis original.]

It is important to note, however, that this statement by the court was part of a discussion as to whether the defendant Horn could be convicted for two *crimes,* robbery and kidnapping, arising out of one criminal episode. Although Horn had been convicted of each crime, the district judge imposed a sentence only for robbery. On appeal the Supreme Court upheld both convictions and the sentence.

■ In our view, I.C. § 18–301 prohibits double punishment where a single act results in the commission of two or more crimes as defined by the legislature. Here there was only one crime—the robbery. As

noted above, the legislature did not define or create any separate offense by enacting I.C. § 19–2520; it simply provided enhanced punishment where certain existing crimes were committed by use of firearms.

Moreover, to the extent that there is any conflict between § 18–301 and § 19–2520, the latter statute is a more recent, special enactment. It specifically applies to the particular circumstances of this case. As such, under well-established principles of statutory construction, it must be controlling over the older and more general statute. *See Owen v. Burcham,* 100 Idaho 441, 599 P.2d 1012 (1979); *State v. Roderick,* 85 Idaho 80, 375 P.2d 1005 (1962). *See also People v. Henry,* 14 Cal.App.3d 89, 91 Cal. Rptr. 841 (1970). We hold that § 18–301 is not a bar to the imposition of the enhanced sentence in this case.

## III

■ Finally, we turn to the contention that the prosecutor's information in this case failed to inform Galaviz of the state's intention to seek enhanced punishment under I.C. § 19–2520. Our Supreme Court has stated that a criminal information must "properly inform an accused of the exact nature of the charge against him, so that (1) the accused has the means to prepare a proper defense, and (2) he can protect himself against subsequent prosecution based on the commission of the same acts." *State v. McKeehan,* 91 Idaho 808, 814, 430 P.2d 886, 892 (1967). Not only is this specificity requirement statutory, but it is also rooted deeply in constitutional guarantees. *See State v. Gumm,* 99 Idaho 549, 551, 585 P.2d 959, 961 (1978). The Fourteenth Amendment to the United States Constitution requires that an accused be given notice of the specific charge against him and be given "a chance to be heard in a trial of the issues raised by that charge." *Cole v. Arkansas,* 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948).

---

**2.** Idaho Code § 18–301 states:

An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

■ The information filed against Galaviz contains two counts, both of which clearly and unequivocally accuse him of the crime of robbery and set forth the essential facts of the crimes. Both counts also specify that Galaviz used a pistol in commission of the crimes. As earlier noted, I.C. § 19–2520 does not define a separate substantive offense. It is intended only to provide for an enhanced penalty after the accused has been convicted of the underlying offense. Because the statute does not create a substantive offense, it was not necessary for the information to refer specifically to the statute.

In *State v. Angus,* 581 P.2d 992 (Utah 1978), the Utah Supreme Court addressed an argument similar to the one Galaviz has made here.

> We have no disagreement with the proposition that fairness and due process of law require that the information against [the accused] be sufficient to clearly state the charge and bring him within the statutory penalty therefor. But his argument that the information must specifically set forth that the enhancement of penalty would be imposed if he was convicted is without merit. The punishment for a crime is not and has never been considered a part of the pleading charging a crime. The information is sufficient if it alleges either: (1) that the defendant is being charged under the enhancement statute, or (2) that a firearm was used in the commission of the offense charged in the information. The trial by jury is to determine the guilt or innocence of the defendant. After conviction, the penalty to be imposed is an entirely separate proposition to be determined by the court as a matter of law on the basis of the penalty prescribed by the statutes.

581 P.2d at 995; *accord, State v. Davison,* 614 P.2d 489, 497 (Mont.1980).

■ We agree with the view expressed by the courts in *Angus* and *Davison.* Moreover, in this case, the district judge specifically found that, at Galaviz's arraignment and before the guilty plea was entered, Galaviz had been advised by his own attorney, as well as by the court, that the penalty enhancement statute would apply. When the defendant's plea was taken, the judge again discussed I.C. § 19–2520 with Galaviz to determine that he understood the possible consequences of his plea. We uphold the judge's conclusion that Galaviz was fully aware of the enhanced penalty provisions of I.C. § 19–2520 before he entered his guilty plea, and that Galaviz made a knowing and intelligent decision to plead guilty.

The judgment of conviction and sentences are affirmed.

WALTERS, C.J., and BURNETT, J., concur.