THE STATE OF OHIO, APPELLEE, *v.* PRICE, APPELLANT.

(No. 49009—Decided July 5, 1985.)

*John T. Corrigan,* prosecuting attorney, and *Ester Harber,* for appellee.

*Richard H. Drucker,* for appellant.

CORRIGAN, C.J. On November 22, 1983, appellant, Beulah Price, was in-

dicted on one court of felonious assault; the indictment contained a firearm specification. R.C. 2903.11 and 2929.71. Appellant entered a plea of not guilty. The case went to trial before a jury on May 8, 1984, and appellant was convicted. She was sentenced to a mandatory three-year prison term on the firearm specification and a consecutive term of four to fifteen years on the felonious assault conviction.

In her appeal before this court, appellant is not challenging her conviction. Rather, her chief contention is that the imposition of the three-year sentence on the firearm specification was in violation of R.C. 2941.25 and the United States and Ohio Constitutions. Specifically, she is assigning the following errors for our review:

"I. The trial court erred in convicting and sentencing appellant under Ohio Revised Code Section 2929.71 in violation of Ohio Revised Code Section 2941.25.

"II. The trial court erred in finding appellant guilty of felonious assault, Ohio Revised Code Section 2903.11, and the three-year gun provision, Ohio Revised Code Section 2929.71, and sentencing her on both in violation of the Double Jeopardy Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

"III. The trial court erred in finding appellant guilty of felonious assault, Ohio Revised Code Section 2903.11 and the three-year gun provision, Ohio Revised Code Section 2929.71, and sentencing her on both is in violation of the Double Jeopardy Clause of Section 10, Article I of the Ohio Constitution."

I

Because the three assignments of error interrelate on the issue of the sentence on the firearm specification, our discussion will be directed to all three simultaneously.

R.C. 2929.71(A) provides:

"(A) The court shall impose a term of actual incarceration of three years in addition to imposing a life sentence pursuant to section 2907.02, 2907.12, or 2929.02 of the Revised Code or an indefinite term of imprisonment pursuant to section 2929.11 of the Revised Code, if both of the following apply:

"(1) The offender is convicted of, or pleads guilty to, any felony other than a violation of section 2923.12 of the Revised Code;

"(2) The offender is also convicted of, or pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony. The three-year term of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentence or the indefinite term of imprisonment."

Appellant first contends that the sentence under this statute violates R.C. 2941.25(A), which states:

"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

Appellant goes on to argue that the sentence under R.C. 2929.71(A) violates the Double Jeopardy Clauses of the United States and Ohio Constitutions. These clauses protect a defendant against a second prosecution for the same offense after acquittal; they protect a defendant against a second prosecution for the same offense after conviction; and they protect against multiple punishments for the same offense. *North Carolina* v. *Pearce* (1969), 395 U.S. 711, 717; *State* v. *Johnson* (1983), 6 Ohio St. 3d 420, 421. It is the third protection which appellant maintains is applicable to the instant case.

Initially, we agree with appellant, and it is a basic tenet that states are free

to impose stricter safeguards under their own laws than the minimum protections set forth by the United States Constitution and by the United States Supreme Court. However, contrary to any of the arguments posited by appellant, we conclude that her sentence under R.C. 2929.71(A) was lawfully imposed.

R.C. 2929.71(A) does not create a separate offense of which a defendant can be convicted. It *only* comes into play *once* a defendant is convicted of a felony as set forth in the statute. Thus, there is no offense prescribed by R.C. 2929.71 (A) that stands on its own.

In addition to the fact that the statute does not create a separate offense, it does not create a separate penalty such that a defendant is required to endure multiple sentences for the same offense. Rather, a defendant receives a *single,* more severe penalty because the conviction involves a firearm.

In *May* v. *Sumner* (C.A. 9, 1980), 622 F. 2d 997, the Ninth Circuit addressed the issue of the lawfulness of a California statute quite similar to that in the case *sub judice.* At the time that the offenses in the case in question were committed, Section 12022.5 of the California Penal Code provided in pertinent part:

" 'Any person who uses a firearm in the commission or attempted commission of a robbery * * * shall, in addition to the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the state prison for a period of not less than five years. Such additional period of imprisonment shall commence upon expiration or other termination of the sentence imposed for the crime of which he is convicted and shall not run concurrently with such sentence.

" '* * *

" 'This section shall apply even in those cases where the use of a weapon is an element of the offense.' " *May* v. *Sumner, supra,* at 998, fn. 1.

In upholding the lawfulness of the statute, the court held that it did not create a separate offense. The court went on to note that:

"* * * The double jeopardy clause does not limit the legislature's power to impose sentence for a given crime. It is uncontested that the California legislature could have created a single offense which provided one sentence for simple robbery, a greater sentence for robbery with a deadly weapon, and a still greater sentence if the deadly weapon were a firearm. California chose to accomplish this result by two statutes instead of one. * * *" *Id.* at 999.

See, also, *Cordova* v. *Romero* (C.A. 10, 1980), 614 F. 2d 1267, in which the Tenth Circuit upheld a similar New Mexico statute that required an additional, mandatory five-year sentence in cases where a firearm was used in the commission of a non-capital felony. See 1975 N.M. Laws 484, Chapter 138, former Section 40A-29-3.1. The court held that the defendant did not face "dual penalties," but a *single,* more severe penalty because the single offense in question was committed with a gun. *Cordova* v. *Romero, supra,* at 1269.

In *State* v. *Galaviz* (App. 1983), 104 Idaho 328, 658 P. 2d 999, the Court of Appeals of Idaho directed its attention to an Idaho statute, Section 19-2520, Idaho Code, that sets forth the following, in relevant part:

" 'Any person convicted of a violation of * * * [enumerated felonies], or 18-6501 (robbery defined), Idaho Code, who carried, displayed, used, threatened, or attempted to use a firearm or other deadly weapon while committing the crime, shall, in addition to the sentence imposed for the commission of the crime, be imprisoned in the state prison for not less than three (3) nor more than fifteen (15) years. Such additional sentence shall run consecutively to any other sentence imposed for the

above cited crimes.' " *State* v. *Galaviz, supra,* at 329 (658 P.2d at 1000), fn. 1.

The court concluded that the statute does not create a separate offense or force a defendant to face multiple penalties for the same offense. The court held that the statute only enhances the penalty by providing for a single, more severe penalty when an offense is committed with a deadly weapon. *Id.* at 329-330, 658 P. 2d at 1000-1001. The court also supported its decision with the United States Supreme Court's holding in *Missouri* v. *Hunter* (1983), 459 U.S. 359. In that case, the court stated:

"* * * With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id.* at 366.

"Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger* [v. *United States* (1932), 284 U.S. 299], a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Id.* at 368-369.

In conclusion, we hold that R.C. 2929.71 does not create a separate offense and does not force a defendant to face multiple punishments for the same offense. For these reasons, and because the result achieved by the statute was obviously intended by the Ohio Legislature, appellant's sentence under the statute does not violate R.C. 2941.25 or the United States or Ohio Constitutions.

The assignments of error are overruled, and the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

ANN McMANAMON and PATTON, JJ., concur.