## State v. Andrews
*[Cite as 7 AOA 321]*

*Case No. 56983*
*Cuyahoga County, (8th)*
*Decided September 13, 1990*

*John T. Corrigan, Cuyahoga County Prosecuting Attorney and Laurence R. Snyder, Assistant Prosecuting Attorney, Justice Center, Courts Tower, 1200 Ontario Street, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*Arthur Lambros, 5709 Smith Road, Brookpark, Ohio 44142, for Defendant-Appellee.*

STILLMAN, J.

The state timely challenges an adverse determination by the trial court dismissing the firearm specification (R.C. 2929.71) from the indictment of defendant Gregory Andrews. The state's sole assignment of error alleges that the court erroneously concluded that Andrews's indictment violated the constitutional guarantee against double jeopardy. For the reasons which follow, we reverse and remand the cause for further proceedings.

A grand jury indicted Andrews for carrying a concealed weapon (R.C. 2923.13) with a violence specification and for having a weapon while under a disability (R.C. 2923.12) with violence and firearm specifications. Andrews sought dismissal of the firearm specification. The trial court granted his motion. Thereafter, Andrews pled no contest to the balance of the indictment. This appeal followed.

The state claims it was error for the trial court to dismiss the gun specification on double jeopardy grounds stating that the court's decision is in conflict with previous decisions by this court. In its journal entry the trial court urged that we reconsider our previous rulings on this matter.

The court dismissed the firearm specification because it found that R.C. 2929.71 subjected the defendant to multiple punishments in violation of the Double Jeopardy Clause. It noted that the gun specification could be classified as an offense. We do not agree.

This court has consistently held that R.C. 2929.71 does not create a separate offense. *State v. Price* (1985), 24 Ohio App. 3d 186; *State v. Loines* (1984), 20 Ohio App. 3d 69; *State v. Williams* (Feb. 18, 1988), Cuyahoga App. No. 53386, unreported; *State v. Fleming* (June 18, 1987), Cuyahoga App. No. 52128, unreported; *State v. Brown* (Nov. 26, 1986), Cuyahoga App.

No. 52037, unreported. See, also, *State v. Broadus* (1984), 14 Ohio App. 3d 443. The firearm specification enhances the penalty imposed on a defendant under certain circumstances only after a defendant is convicted of a felony. *Price, supra; Williams, supra; Brown, supra.* The gun specification does not "*** stand on its own ***" as an offense. *Price, supra,* at 188.

The trial court further stated that it did not believe that the legislature intended R.C. 2929.71 to be applied where, as here, the underlying felony has as an element possession of a firearm.

In *Williams, supra,* we held that the gun specification may be charged with another offense which includes possession of a deadly weapon as an element. *Id.* at 4. Furthermore, the legislature intended to permit cumulative sentencing when certain offenses were committed with a firearm. *Price, supra; Loines, supra; Fleming, supra.* Where the legislature intends to allow cumulative sentencing, there is no violation of the double jeopardy clause. *Price, supra.* Discussing cumulative sentencing and the Double Jeopardy Clause, the United States Supreme Court stated that:

"Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger [v. United States* (1932), 284 U.S. 299]*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri v. Hunter* (1983), 459 U.S. 359, 368-369.

We once again conclude that "*** R.C. 2929.71 does not create a separate offense and does not force a defendant to face multiple punishments for the same offense." *Price, supra,* at 189. The legislature obviously intended to permit imposition of a single more severe sentence on a person with a prior felony conviction of violence who chooses to carry a firearm despite his disability. This result does not violate the United States or Ohio Constitutions. *Price, supra.* The trial court erred when it dismissed the firearm specification.

The assignment of error is well taken.

Judgment reversed and cause remanded for further proceedings.

DYKE, P.J., and WALKER, J., concur.

Saul G. Stillman, Retired, Eighth District Court of Appeals and Robert D. Walker, Retired, Hancock County Common Pleas Court, sitting by Assignment of the Supreme Court of Ohio.