[Cite as *State v. Phillips*, 2012-Ohio-473.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96329**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNY PHILLIPS

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED IN PART;**
**REVERSED IN PART;**
**REMANDED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-481840

**BEFORE:** Rocco, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 9, 2012

**ATTORNEYS FOR APPELLANT**

Matthew M. Nee, The Law Offices of Matthew M. Nee
David H. Brown, David H. Brown, LLC
Edwin J. Vargas, The Vargas Law Firm Co., LPA
1956 West 25th Street, Suite 302
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Kristen L. Sobieski
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶ 1} Defendant-appellant Kenny Phillips appeals from his convictions and sentence following a jury trial.  The jury found Phillips guilty of multiple counts of attempted murder, felonious assault, and attempted felonious assault, and two counts of inducing panic.  The jury also found Phillips guilty of firearm specifications included in the attempted murder, felonious assault, and attempted felonious assault counts.   The trial court sentenced Phillips to 92 years incarceration plus a mandatory five-year period of postrelease control.

{¶ 2} Phillips presents six assignment of error. He asserts his convictions for attempted murder and felonious assault are against the manifest weight of the evidence, his convictions for attempted murder and felonious assault of a police officer are not supported by sufficient evidence, his sentence amounts to duplicative punishment with respect to the firearms specifications and attempted murder and felonious assault convictions, his convictions for inducing panic are misdemeanors rather than felonies, the state's questions on his juvenile record deprived him of a fair trial, and his sentence is grossly disproportionate.

{¶ 3} Upon a review of the record, this court finds Phillips's third and fourth assignments of error have merit. We affirm Phillips's convictions in part, reverse his convictions in part, vacate his sentence, and remand for further proceedings consistent with this opinion.

{¶ 4} Phillips's convictions resulted from an early morning incident on May 26, 2006 at the intersection of East 55th Street, and Kinsman and Woodland Avenues. Phillips, Michael Sutton, Deante Creel, and Akeem Tidmore were together in a tan Chevrolet Caprice heading southbound on East 55th Street. The Chevrolet was "boxy" and had "84" printed on its side ("Chevy 84"). Officers Michael Keane and Daniel Lentz were heading northbound on East 55th Street when Keane observed Chevy 84 make a reckless u-turn. Keane, weaving through traffic to catch up, saw Chevy 84 turn right and head east on Woodland.

**{¶ 5}** Keane and Lentz heard a gunshot as they turned right on Woodland. They saw Chevy 84 moving alongside a Lincoln Mark VIII ("Lincoln"). Keane and Lentz heard more gunshots and saw muzzle flashes between Chevy 84's passenger side and the Lincoln's left side. Lentz described the muzzle flashes as cone-shaped strobing, meaning the gunshots were coming from Chevy 84.

**{¶ 6}** Keane activated his lights and siren and pursued Chevy 84. Chevy 84 first slowed down, but accelerated and turned south on East 65th Street. Keane followed Chevy 84. As Chevy 84 pulled over, four passengers exited and ran. Keane chased the driver, Michael Sutton, and took him into custody.

**{¶ 7}** Lentz saw two males exit the passenger side. They both wore white t-shirts and carried handguns. The two men ran toward a nearby house. A third male, dressed in black, also exited the passenger side and ran in a different direction.

**{¶ 8}** Since they carried handguns, Lentz followed the first two men behind the house. When attempting to retrieve his flashlight, Lentz heard three gunshots from two different caliber weapons, and observed strobing and star-patterned muzzle flashes. He turned back and nearly collided with one of the men, who took off running. As Lentz chased him, Lentz saw him throw something into a field. Lentz tackled the man, Deante Creel, and took him into custody.

**{¶ 9}** Meanwhile, Officer Keane also heard gunshots coming from the direction where Lentz chased the two men. He saw Lentz tackle Creel. Seeing Lentz had Creel

under control, Keane continued searching for the other two men who exited from Chevy 84.

{¶ 10} Keane saw a man running on East 61st or 63rd Street. Keane exited his cruiser and chased the man until Keane fell and tore his calf muscle. Lentz saw Keane fall to the ground, and thought Keane was shot. After a zone car picked up Creel, Lentz chased and apprehended the man, Kenny Phillips, as he attempted a return to Chevy 84.

{¶ 11} Both Phillips and Creel wore light-colored shirts at the time of their arrest. A zone car picked up the fourth male, Akeen Tidmore, who wore dark clothing.

{¶ 12} As a result of the shooting, Kenneth Tolbert, the driver of the Lincoln, suffered paralysis to one side of his face from a gunshot wound to the head. Christopher Lovelady, who was behind Kenneth, suffered blindness to one eye from a gunshot wound to the head. Kevin Tolbert, the front passenger, and Leonard Brown, seated in the back passenger seat, were not injured. Bullet holes were located on the Lincoln's left side.

{¶ 13} Phillips's hands and the passenger door window area of Chevy 84 tested positive for gunshot residue. Phillips denied, however, having a weapon when exiting Chevy 84. The hands of Creel, Sutton, and Tidmore all tested negative.

{¶ 14} Phillips, Creel, and Sutton collectively maintained that a gold car pulled up beside the black Lincoln, and an arm exited the gold car's window and fired gunshots into the Lincoln. According to them, the Lincoln stopped, the gold car left, and Chevy 84 pulled to the side to allow the police to chase after the gold car. Officers Keane and

Lentz both testified, however, that they did not follow the gold car because the muzzle flashes came from Chevy 84.

{¶ 15} At the conclusion of the both the state's and Phillips's case, the defense moved for acquittal pursuant to Crim.R. 29(A). The trial court denied Phillips's motions.

{¶ 16} On June 7, 2007, the jury found appellant not guilty of Counts 13 and 14, attempted aggravated murder, Count 15, attempted murder, and Count 21, resisting arrest. The jury found him guilty of the remaining charges. On June 28, 2007, the trial court sentenced appellant to a total of 92 years in prison and reserved judgment on restitution.

{¶ 17} Appellant appealed his convictions and sentence to this court. We dismissed for lack of a final, appealable order because the judgment of conviction did not include restitution. *State v. Phillips*, 8th Dist. No. 90124, 2008-Ohio-5101, 2008 WL 4438650, appeal not allowed by 120 Ohio St.3d 1527, 2009-Ohio-614, 901 N.E.2d 246. Upon remand, the trial court resolved the matter of restitution.

{¶ 18} Appellant appeals his convictions and sentence and presents six assignments of error for our review:

{¶ 19} "**I. Finding Mr. Phillips guilty of attempted murder and felonious assault is against the manifest weight of the evidence.**

{¶ 20} **II. The trial court's denying Mr. Phillips's motion for acquittal violated Mr. Phillips's due process rights because the evidence is insufficient to**

support a guilty verdict for attempted murder of and felonious assault against Patrolman Daniel Lentz.

{¶ 21} III. Improperly sentencing Mr. Phillips violated his due process rights by subjecting him to duplicative punishment with respect to: firearms specifications that should have been merged as part of the same transaction or occurrence; allied offenses of similar import, namely attempted murder and felonious assault; and by combining the seven-year firearm specification for discharging a firearm at a police officer with other firearm specifications.

{¶ 22} IV. The trial court denied Mr. Phillips his due process rights by sentencing him to a felony sentence of inducing panic.

{¶ 23} V. The trial court denied Mr. Phillips his due process rights by allowing the state to questioning [sic] Mr. Phillips regarding his juvenile record because it deprived him a fair trial.

{¶ 24} VI. The trial court erred by imposing a sentence that is grossly disproportionate to the severity of Mr. Phillips's offenses."

{¶ 25} In his first assignment of error, appellant asserts his convictions for attempted murder and felonious assault are against the manifest weight of the evidence. A review of the record fails to support his argument.

{¶ 26} In reviewing a claim challenging the manifest weight of the evidence, the appellate court determines whether "there is substantial evidence upon which a jury could

reasonably conclude that all the elements have been proved beyond a reasonable doubt." *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 81. This court examines the entire record in order to determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. *Id.*

{¶ 27} The weight of the evidence supports Phillips's attempted murder and felonious assault convictions with respect to the Tolberts, Lovelady, and Brown. Two Cleveland police officers saw multiple gunshots fired from Chevy 84 into the Lincoln's left side as the two vehicles were side by side on Woodland Avenue. When Chevy 84 pulled over, Phillips exited from the passenger's side with a handgun. Phillips admitted being in Chevy 84. Phillips's hands and the passenger door area of Chevy 84 tested positive for gun residue. The left side of the Lincoln had bullet holes, and bullets struck the Lincoln's driver and the passenger behind him.

{¶ 28} The jury did not clearly lose its way and create such a manifest miscarriage of justice requiring a reversal of Phillips's convictions and an order for new trial. While the defense presented testimony about the gold car being the source of the gunshots, the jury could reasonably determine the unreliability of this evidence. *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967) paragraph one of the syllabus. Phillips's first assignment of error is overruled.

{¶ 29} In his second assignment of error, Phillips argues the trial court erred in overruling his motion for acquittal because the evidence was insufficient to support his convictions for attempted murder and felonious assault against Officer Lentz. Phillips submits the state's complicity theory did not support his convictions because Creel was found not guilty of these charges.

{¶ 30} The jury found Phillips not guilty of the attempted murder of Officer Lentz. We find sufficient evidence supporting Phillips's guilty verdicts for felonious assault and attempted felonious assault of Officer Lentz.

{¶ 31} A motion for acquittal under Crim.R. 29(A) is governed by the same standard used for determining whether a verdict is supported by sufficient evidence. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * * ." *Id.*

{¶ 32} In order to convict an offender of complicity, the state is not required to establish the principal's identity. *State v. Perryman*, 49 Ohio St.2d 14, 258 N.E.2d 1040 (1976) paragraph four of the syllabus, vacated on other grounds, 438 U.S. 911, 98 S.Ct. 3136, 57 L.E.2d 1156 (1976). The state, therefore, was not required to identify Phillips, Sutton, or Creel as the person who fired at Officer Lentz.

{¶ 33} The state was required to prove, at a minimum, that Phillips supported, assisted, encouraged, cooperated with, advised, or incited the person who fired the shots, and shared the criminal intent of that person. R.C. 2923.03(A)(2) and *State v. Johnson*, 93 Ohio St.3d 240, 245-246, 2001-Ohio-1336, 754 N.E.2d 796. "'[C]riminal intent may be inferred from presence, companionship and conduct before and after the offense is committed.'" *Johnson*, citing *State v. Pruett*, 28 Ohio App.2d 29, 34, 273 N.E.2d 884 (4th Dist. 1971).

{¶ 34} The state presented sufficient evidence from which the jury could reasonably infer Phillips was the shooter or Phillips supported, assisted, encouraged, cooperated with, advised, or incited the person who fired the shots. Lentz saw two men wearing white t-shirts and carrying handguns exit Chevy 84's passenger side. Lentz lost sight of these men when they ran into nearby brush. When attempting to retrieve his flashlight, Lentz heard three gunshots and saw muzzle flashes. Officer Keane also heard gunshots. Phillips wore a light colored shirt when later apprehended. Phillips admitted being in and running from Chevy 84. Phillips's hands tested positive for gun residue.

{¶ 35} The evidence, when viewed in a light most favorable to the prosecution, supports Phillips's felonious assault and attempted felonious assault convictions. The trial court did not err in denying Phillips's motion for acquittal. Phillips's second assignment of error is overruled.

**{¶ 36}** In his third assignment of error, Phillips makes three arguments concerning his sentence.

## Merger of Firearm Specifications (Counts 1-4)

**{¶ 37}** Phillips asserts the trial court unconstitutionally subjected him to multiple sentences by imposing multiple firearm specifications and ordering them to be served consecutively. This court has previously held that a three-year firearm specification that is added to an offense does not create a separate offense. *State v. Price*, 24 Ohio App.3d 186, 493 N.E.2d 1372 (8th Dist. 1985). Thus, the defendant does not incur multiple punishments for the same crime. *Id.*

**{¶ 38}** Additionally, cumulative sentences for three- and five-year firearm specifications are permitted in an attempted murder case where gunshots are fired from a moving vehicle. R.C. 2929.14(D)(1)(b). The specifications prohibit different activity and require different proof, thus imposing different penalties. *State v. Walker*, 2d Dist. No. 17678, 2000 WL 873222 (June 30, 2000). As such, Phillips could be sentenced to an additional three, plus an additional five years, for a total of eight years for the firearm specifications in Counts 1, 2, 3, and 4.

**{¶ 39}** The state, however, concedes, and we agree, that the trial court failed to merge the three- and five-year firearm specifications in Count 1 with those firearm specifications in Counts 2, 3, and 4. The court sentenced Phillips as follows:

| Count 1 | Count 2 | Count 3 | Count 4 |
|---|---|---|---|
| *Attempted Murder of* | *Attempted Murder of* | *Attempted Murder of* | *Attempted Murder of* |

| Kenneth Tolbert | Christopher Lovelady | Kevin Tolbert | Leonard Brown |
|---|---|---|---|
| 10 years on base | 10 years on base | 10 years on base | 10 years on base |
| plus 3-year gun specification | plus 3-year gun specification | plus 3-year gun specification | plus 3-year gun specification |
| plus 5-year gun specification | plus 5-year gun specification | plus 5-year gun specification | plus 5-year gun specification |
| = | = | = | = |
| 18 years | 18 years | 18 years | 18 years |
| Consecutive to Counts 2, 3, and 4 | Consecutive to Counts 1, 3, and 4 | Consecutive to Counts 1, 2, and 4 | Consecutive to Counts 1, 2, and 3 |
| $\Rightarrow\Rightarrow$ | $\Rightarrow\Rightarrow$ | $\Rightarrow\Rightarrow$ | *TOTAL =* <br> *72 years* |

{¶ 40} R.C. 2929.14(D)(1)(b) provides, "[a] court shall not impose more than one prison term on an offender under division (D)(1)(a) of this section for felonies committed as part of the same act or transaction." The Supreme Court of Ohio has defined "the same act or transaction" as a "series of continuous acts bound by time, space and purpose, and directed toward a single objective." *State v. Wills*, 69 Ohio St.3d 690, 691, 635 N.E.2d 370 (1994).

{¶ 41} The multiple shots fired into the Lincoln was the same act or transaction. The trial court erred in failing to merge the three- and five-year firearm specifications across the four counts. We vacate Phillips's multiple sentences on the firearm specifications in Counts 1, 2, 3, and 4, and remand the matter to the trial court for merger of the specifications, and resentencing.

**Merger of Allied Offenses (Counts 1-12)**

{¶ 42} Phillips argues the attempted murder, felonious assault, and attempted felonious assault convictions involving the Tolberts, Lovelady, and Brown are allied offenses of similar import, and the trial court erred in not merging these offenses prior to sentencing. The state concedes this argument.

{¶ 43} The trial court sentenced Phillips on each of the following counts:

| Kenneth Tolbert | Christopher Lovelady | Kevin Tolbert | Leonard Brown |
|---|---|---|---|
| **Count 1:** Attempted Murder | **Count 2:** Attempted Murder | **Count 3:** Attempted Murder | **Count 4:** Attempted Murder |
| **Count 5:** Felonious Assault | **Count 6:** Felonious Assault | **Count 7:** Felonious Assault | **Count 8:** Felonious Assault |
| **Count 9:** Felonious Assault | **Count 10:** Felonious Assault | **Count 11:** Attempted Felonious Assault | **Count 12:** Attempted Felonious Assault |

{¶ 44} In light of the state's concession and the recent Ohio Supreme Court decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, Phillips's second assignment of error is sustained.

{¶ 45} R.C. 2941.25 provides:

{¶ 46} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 47} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or

information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 48} In *Johnson*, the Ohio Supreme Court held that the court must consider the defendant's conduct when determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25. "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'   If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." *Johnson* at ¶ 49-50, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50.

{¶ 49} On May 26, 2006, Phillips, Michael Sutton, Deante Creel, and Akeem Tidmore, were together in  Chevy 84.  Police officers saw Chevy 84 pull alongside the Lincoln containing the Tolberts, Lovelady, and Brown.  The officers saw gunshots fired from the right side of Chevy 84 into the left side of the Lincoln.  Kenneth Tolbert, the driver, and Leonard Brown, who sat behind Kenneth Tolbert, sustained head injuries from the gunshots; Kevin Tolbert and Christopher Lovelady did not sustain any injuries.

{¶ 50} Phillips committed the multiple offenses of attempted murder, felonious assault, and attempted felonious assault by the same conduct.  The gunshots fired at the Lincoln was one act.  Phillips acted with one animus when he, or acting in complicity with the shooter, fired multiple gunshots into the Lincoln containing the four victims.

The animus of the attempted murders, felonious assaults, and attempted felonious assaults was the same.

{¶ 51} In *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, the Ohio Supreme Court held that if a court of appeals finds reversible error in the imposition of multiple punishments for allied offenses, the court must reverse the judgment of conviction and remand for a new sentencing hearing at which the state must elect which allied offense it will pursue against the defendant. *Id.* at ¶ 25. The determination of the defendant's guilt for committing allied offenses remains intact, however, both before and after the merger of allied offenses for sentencing. *Id.* at ¶ 27.

{¶ 52} The determinations of Phillips's guilt of attempted murder, felonious assault, and attempted felonious assault, with firearm specifications, remain intact. We vacate, however, Phillips's sentence, and remand the case pursuant to *Johnson* in order for the state to elect among Counts 1, 5, and 9 for Kenneth Tolbert; to elect among Counts 2, 6, and 10 for Christopher Lovelady; to elect among Counts 3, 7, and 11 for Kevin Tolbert; and to elect among Counts 4, 8, and 12 for Leonard Brown, and for resentencing consistent with the state's elections and this court's opinion. *Whitfield* at ¶ 25.

**Merger of Allied Offenses and Firearm Specifications (Counts 16-17)**

{¶ 53} The trial court imposed the following sentences on Counts 16 and 17:

| **Count 16** | **Count 17** |
|---|---|
| *Felonious Assault of* | *Attempted Felonious Assault of* |
| *Officer Lentz* | *Officer Lentz* |

| 10 years on base charge | 8 years on base charge |
|---|---|
| Plus 3-year gun specification | Plus 3-year gun specification |
| Plus 7-year gun consecutive | Plus 7-year gun consecutive |
| = | = |
| 20 years | 18 years |
| Concurrent with 17 | Concurrent with 16 |
| ⇒ ⇒ | *TOTAL = 20 years* |

{¶ 54} Phillips argues his convictions for felonious assault and attempted felonious assault of Officer Lentz are allied offenses of similar import, and should merge for sentencing. The state concedes this argument. Phillips committed the multiple offenses of felonious assault and attempted felonious assault by the same conduct. The gunshots fired in the field was one act. Phillips acted with one animus when he fired these gunshots. The animus of the felonious assault and the attempted felonious assault was the same.

{¶ 55} Additionally, Phillips argues pursuant to R.C. 2929.14(D)(1)(f) that the seven-year firearm specifications accompanying these counts cannot be combined with the other firearm specifications. The state also concedes this argument.

{¶ 56} The determinations of Phillips's guilt of felonious assault and attempted felonious assault, with firearm specifications, remain intact. We vacate, however, Phillips's sentence, and remand the case pursuant to *Johnson* in order for the state to elect

among Counts 16 and 17, and for resentencing consistent with the state's election and this court's opinion. *Whitfield* at ¶ 25.

{¶ 57} In his fourth assignment of error, Phillips argues the trial court erred in sentencing him to a felony rather than a first-degree misdemeanor for inducing panic because the jury verdict did not contain the additional findings required under R.C. 2917.31(C)(2). In light of the state's concession and the Ohio Supreme Court's decision in *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, Phillips's fourth assignment of error is sustained. Phillips can only be convicted of a first-degree misdemeanor for both Counts 18 and 19, the least degree under R.C. 2917.31(C)(2) for the offense of inducing panic. Accordingly, we reverse Phillips's felony convictions for inducing panic, and remand the case for the trial court to enter the inducing panic convictions as first-degree misdemeanors and sentence him accordingly.

{¶ 58} In his fifth assignment of error, Phillips asserts the trial court erred in permitting the state to question him about his juvenile record. This court disagrees.

{¶ 59} Generally, pursuant to Evid.R. 609(D) and R.C. 2151.358(H), the state is barred from introducing evidence of a defendant's juvenile adjudications at trial. However, in *State v. Marinski*, 139 Ohio St. 559, 41 N.E.2d 387 (1942), syllabus, the Supreme Court stated "when a defendant in a criminal case is permitted to introduce evidence of his life history, he waives the protection of the [predecessor of R.C. 3151.358] and may be

cross-examined with reference to the disposition of any charge preferred against him as a juvenile." *See also State v. Cox*, 42 Ohio St.2d 200, 327 N.E.2d 636 (1975).

{¶ 60} Phillips testified during direct examination that he was scared because he "ain't never been in that type stuff * * * we don't be in trouble. This is my first time ever getting in trouble." Upon cross-examination, Phillips confirmed that he had "never been in trouble," and qualified "not as an adult." Phillips testified earlier, however, that he was celebrating his 18th birthday on the date of the incident. Phillips's testimony also included that "he ain't never been in trouble as an adult," he had "been in trouble as a juvenile, only twice," and he "really wasn't never convicted."

{¶ 61} The state questioned Phillips during cross-examination about his juvenile adjudications only after Phillips testified about his life history, including statements that he was "never been in trouble." This testimony allowed the state to use the *Marinski* exception to ask about Phillips's juvenile adjudications. Phillips's fifth assignment of error is overruled.

{¶ 62} In light of the disposition in this case, it is premature for this court to address Phillips's sixth and final assignment of error, in which he argues his 92-year sentence for his convictions was excessive. This court cannot presume which offenses the state will elect, and cannot assume the trial court will fail to consider the purposes and principles of sentencing at Phillips's resentencing hearing. *State v. Thomas,* 8th Dist. Nos. 96146 and 96798, 2011-Ohio-6073, 2011 WL 5869777; *State v. Jones*, 2d Dist. No. 23926,

2011-Ohio-1984, 2011 WL 1591285, ¶ 38-54; *cf. State v. Corrao*, 8th Dist. No. 95167, 2011-Ohio-2517, 2011 WL 2112721; *but see State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. Phillips's sixth assignment of error, at this juncture, is moot. App.R. 12(A)(1)(c).

{¶ 63} The state agrees with Phillips that the sentence imposed is beyond the maximum permitted under statute. Although the trial court could have invited sentencing memorandums from the parties on the allied offense issue, it should not have to under the circumstances of this case and similar cases. The state is duty bound to provide the trial court with a detailed sentencing memorandum when the state indicts on a defendant's same conduct, but on alternative theories, with many firearm specifications.

{¶ 64} Phillips's convictions are affirmed in part and reversed in part. This case is remanded for the state to elect which counts to pursue, for the trial court to vacate Phillips's felony convictions for inducing panic and enter them as first-degree misdemeanors, and for appropriate resentencing.

It is ordered that Phillips recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for sentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR