701 P.2d 315
**STATE of Idaho, Plaintiff-Respondent,**

v.

**Leslie K. STEDTFELD,
Defendant-Appellant.**

**No. 15271.**

Court of Appeals of Idaho.

May 31, 1985.

Gaylen L. Box, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen. (argued), Boise, for plaintiff-respondent.

PER CURIAM.

Leslie K. Stedtfeld stands convicted by a jury of robbery. He was sentenced to the custody of the Board of Correction for an indeterminate term of twenty years, together with a consecutive ten-year term under I.C. § 19–2520 for use of a firearm during the robbery. Stedtfeld raises three issues on appeal. First, he argues that the trial court erred in admitting evidence of another, subsequent crime. Second, he contends that the evidence was insufficient

to show that the firearm was operative as defined in I.C. § 19–2520. Finally, he contends that the sentences are unduly harsh. We affirm the judgment of conviction, including the sentences.

The robbery occurred at night in a grocery store at Pocatello. The night manager and a check-out clerk later testified that a man, whom they identified at trial as Stedtfeld, walked into the store, threatened them with a gun and demanded money. According to the night manager, Stedtfeld said words to the effect, "I've been to Vietnam. I'm not scared of blowing you away." In contrast, Stedtfeld testified that at the time of the robbery, he was with his sister and her family, driving from Utah to Idaho. The jury evidently disbelieved the alibi.

■ We first consider the issue regarding evidence of another robbery. When Stedtfeld completed his alibi presentation, the state presented two witnesses who identified Stedtfeld and testified that he committed another robbery, in Blackfoot, about eight days after the Pocatello robbery. Both witnesses stated that Stedtfeld remarked during the Blackfoot robbery that he had been in Vietnam and he was not afraid to kill anyone.

The trial judge's decision to allow this testimony came after a hearing, outside the presence of the jury. The judge noted that the evidence would be prejudicial but he decided it should be allowed because it was relevant to show the identity of the perpetrator of both robberies.

Evidence of other crimes is not admissible to prove a specific offense merely by illustrating a criminal propensity of the accused. *See State v. Needs,* 99 Idaho 883, 591 P.2d 130 (1979). However, evidence of other crimes may be admitted if relevant to a material issue concerning the offense charged. Thus, such evidence may be admitted to show a common scheme or plan embracing crimes so closely related that proof of one tends to establish the other, or proof of the defendant's participation in one tends to identify him as a participant in the other. *See generally State v. Wrenn,* 99 Idaho 506, 584 P.2d 1231 (1978).

■ Whether evidence of other crimes should be admitted in a given case involves a two-tiered analysis. The first inquiry is whether the offered evidence is relevant to a material and substantially disputed issue concerning the crime charged. *State v. Greensweig,* 102 Idaho 794, 641 P.2d 340 (Ct.App.1982). Only if such evidence is determined to be relevant will the second tier be reached. The second tier involves a determination of whether the probative value of the evidence is outweighed by the unfair prejudice to the defendant. *State v. Stoddard,* 105 Idaho 533, 670 P.2d 1318 (Ct.App.1983). This balancing decision is within the discretion of the trial judge and will not be overturned on appeal unless discretion has been abused.

■ On appeal, it is difficult to review a trial judge's decision if the record contains no discussion concerning the relevancy or the weighing process. We encourage judges to state their reasons for admitting evidence under the two-tiered analysis. Here, although it appears that the judge followed the correct analytical steps, the discussion on the record was sketchy. Accordingly, we must examine the record independently and derive our own impressions.

■ The most significant feature of the evidence concerning the Blackfoot robbery was the statement attributed to Stedtfeld that he had been to Vietnam and was not afraid to kill again. The state offered this evidence to establish a common identity of the Blackfoot and Pocatello robbers, through a modus operandi. *See State v. Hatton,* 95 Idaho 856, 522 P.2d 64 (1974). The common identity was reinforced by other similarities. Both robberies occurred at night in grocery stores and involved the use of a dark blue .22 caliber pistol. We conclude that the evidence was relevant to the issue of identity placed in controversy by the alibi defense.

■ Next we turn to weighing the probative value against the danger of unfair

prejudice. Stedtfeld argues that because the prosecutor had two eyewitnesses to the Pocatello robbery, the Blackfoot robbery testimony was merely cumulative and of little probative value in comparison to the prejudicial impact. We disagree. Stedtfeld's alibi testimony raised the profile of the identity issue, forcing the jury to evaluate conflicting testimony. Evidence of the Blackfoot robbery, admitted during rebuttal, strengthened the state's case against the alibi. It was not merely cumulative evidence upon a dormant or passive issue.

■ That the evidence produced a prejudicial impact cannot be doubted. However, some of the prejudice undoubtedly flowed from the probative effect. "Probative evidence is always prejudicial to someone. Unless the prejudice is unfair, it affords no basis to exclude the evidence." *State v. Fenley,* 103 Idaho 199, 203, 646 P.2d 441, 445 (Ct.App.1982). We also note that the trial judge admonished the jury concerning the limited purpose for which they could consider the evidence. We conclude that the probative value was not overcome by unfair prejudice. We sustain the trial judge's decision to admit the testimony concerning the Blackfoot robbery.

■ Stedtfeld next contends that the state failed to prove the use of an operable firearm in the commission of the Pocatello robbery. There was no direct showing that the gun was capable of being fired. However, the night manager testified that he was familiar with firearms, claiming he had seen and shot enough handguns to know a real one when he saw it. He stated that the gun used in the Pocatello robbery was a .22 caliber dark blue revolver with a barrel bored out and a hammer mechanism. He said it was not a toy gun or a "starter" gun. Another eyewitness testified that the gun appeared to be made of heavy metal and was not a toy. We believe this evidence was sufficient. Circumstantial evidence may be used to show that a firearm is operable. The testimony here would enable a jury reasonably to infer that the gun could be fired.

■ Stedtfeld suggested at oral argument that the firearm allegation should be tried immediately after, not concurrently with, the underlying offense. Idaho Code § 19–2520 has been construed to require a specific finding by the jury that a firearm was used in the commission of a crime. *State v. Baruth,* 107 Idaho 651, 691 P.2d 1266 (Ct.App.1984). However, the statute does not provide that such a finding must be made simultaneously with the finding of guilt on the underlying offense. There may be merit in Stedtfeld's argument that a defendant should have the opportunity to be heard separately regarding the firearm allegation. A defendant might wish to remain silent on the crime charged but testify concerning the alleged use of a firearm. By way of analogy, we note that a separate hearing is afforded to a person charged with being a persistent violator under I.C. § 19–2514. *See State v. Johnson,* 86 Idaho 51, 383 P.2d 326 (1963). But we need not decide in this case whether it is error to deny such an opportunity. Stedtfeld did not request a separate hearing below and he made no offer of proof identifying the evidence he would have presented at such a hearing. Absent such an offer of proof, we are left, at most, with conjectural error. *See State v. Palin,* 106 Idaho 70, 675 P.2d 49 (Ct.App.1983). Consequently, the issue has not been properly preserved on appeal.

■ Finally, Stedtfeld contends that the district court abused its sentencing discretion by imposing an unduly harsh sentence. Stedtfeld could have been sentenced to a maximum term of life imprisonment for the robbery charge. I.C. § 18–6503. His sentence could have been enhanced by a maximum term of fifteen years for the use of a firearm. I.C. § 19–2520. Therefore, the indeterminate sentence of twenty years for the robbery, enhanced by ten consecutive years for use of a firearm, clearly was within the statutory limits.

At the sentencing hearing, the district judge noted that Stedtfeld's prior record consisted only of misdemeanors. However, this did not include a conviction for the

Blackfoot robbery, to which Stedtfeld had pled guilty. The judge was informed of this conviction prior to the sentencing hearing. The presentence investigation also contained a police report showing that Stedtfeld's car had been used in a Boise robbery.

The judge considered the serious, life-threatening nature of an armed robbery. He noted a lack of apparent remorse. A psychological evaluation stated that Stedtfeld had a "poor ability to accurately perceive and interpret socially appropriate behavior." The evaluation also noted a "poor ability to anticipate the consequences of initial acts or situations." An earlier evaluation had diagnosed Stedtfeld as psychopathic.

The judge recognized that the aggregate sentence was a strict one, but he found it necessary for deterrence and for the protection of society. Having reviewed the full record, and having considered the sentence review criteria set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982), we conclude that the sentence did not represent an abuse of discretion.

The judgment of conviction is affirmed.