791 P.2d 31

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lonnie JOHNSON,
Defendant–Appellant.**

**No. 17902.**

Court of Appeals of Idaho.

April 26, 1990.

Lonnie Johnson, pro se, defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Lonnie Johnson appeals the district court's order denying his I.C.R. 35 motion to reduce his sentence. Johnson pled guilty to grand theft. I.C. § 18–2408(2)(b). The district court originally sentenced Johnson to a ten-year term with a minimum period of confinement of five years. Johnson then moved for reconsideration of the sentence. The district court conducted a hearing and denied the motion. Johnson appealed. The state then moved for the Supreme Court to temporarily remand this case to the district court. The state's purpose was to allow reintroduction of Johnson's testimony which the district court had disregarded at the Rule 35 hearing. The district court agreed that the proffered evidence should have been considered under *State v. Torres*, 107 Idaho 895, 693 P.2d 1097 (Ct.App.1984). The Supreme Court granted the motion for temporary remand under I.A.R. 13.3. On remand, after considering all of the evidence, the district judge reduced Johnson's sentence to a term not to exceed eight years with a three-year minimum period of confinement. For the reasons which follow, we affirm the order modifying the sentence.

Sometime between November 17 and December 6, 1987, in the desert northeast of Jerome, Idaho, Johnson shot a Charolais cow owned by Tom Prescott. The cow was valued at approximately $800. The two hind quarters of the animal were removed and the rest of the carcass was left where it lay. The two hind quarters were taken to a Jerome residence occupied by Johnson and five other persons. One of those persons contacted the Jerome County Sheriff's department on December 8, 1987, reporting that Johnson had told her he shot the animal. She told a deputy sheriff that she had last seen one of the hind quarters hanging in an old barracks near the Jerome residence on December 6. The deputy acquired a search warrant and found the remains of one hind quarter hanging in the location described to him by the woman. After his arrest, Johnson entered a plea of not guilty. However, subject to a plea agreement, Johnson changed his plea to guilty. After the sentence was imposed,

the district court later reduced it upon Johnson's Rule 35 motion. Still dissatisfied with his sentence, Johnson appealed.

A Rule 35 motion is a plea for leniency which may be granted if the sentence originally imposed was unduly severe. *State v. Hassett,* 110 Idaho 570, 716 P.2d 1342 (Ct. App.1986). An order on the motion is reviewed under the same abuse of discretion standard that applies to sentencing decisions generally. A sentence may represent an abuse of discretion if it is unreasonable upon the facts of the case. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). According to *Toohill,* the reasonableness of a sentence turns on the primary objective of protecting society and on related goals of deterrence, rehabilitation and retribution. *See also State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984).

■ Johnson committed the grand theft after the effective date of the Uniform Sentencing Act, I.C. § 19–2513. For purpose of review, we consider the minimum period of confinement specified in the sentence as the probable measure of confinement. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Johnson's modified sentence consisted of minimum confinement for three years followed by a five-year indeterminate term. Grand theft carries with it a maximum sentence of fourteen years. I.C. § 18–2408(2)(b).

Johnson admits to using illegal drugs and alcohol since an early age and has been convicted of driving while under the influence on two occasions. The district court noted that Johnson had not attempted to overcome these problems with treatment or counseling. Johnson stated he was intoxicated when the instant crime was committed. His record includes numerous misdemeanors and two other felonies, one of which was committed while Johnson was free on bail in the present case. At the sentencing hearing, the district judge addressed the *Toohill* criteria as follows:

Looking over your report, as counsel points out, a lot of these aren't serious offenses—failure to obey a right turn signal; speeding, 70 in a 55; failure to observe stop sign; traffic court signal; Count II, D.U.I.; disturbing the peace. You know, any one of those wouldn't appear to be serious; but what it says to me, looking over a long period of time, you just sort of have disregard for the law. You don't even want to follow the little laws. And when you can't follow the little laws, you sure can't follow the big laws. It just seems to be a history of your behavior not to obey the law, since 1974 through 1988.

. . . .

You spent a little time in jail, but you haven't learned your lesson. . . . I do have a duty and an obligation to the people of the State of Idaho. . . . And one of the things they want done is they want me to ensure that their property, their money, their valuables, and their rights are protected. I can make every effort in the beginning to protect them; but when it finally is demonstrated to me that the man sitting in front of me has very little regard for the rights of other people, then I've got to take it seriously.

I always look at rehabilitation. It appears rehabilitation has been tried in your case, and it has failed, because you haven't been rehabilitated. I don't know what else to do. You are 32 years of age. It would appear that rehabilitation hasn't taken in the past. I don't know what great thing I can do to rehabilitate you. I'm hoping that this experience will cause you to wake up and you will rehabilitate yourself. We can't do it. I am still interested in that. If I weren't, I guess it would be real easy for me to just put the maximum punishment upon you.

The other thing I do get concerned with is that if we can't rehabilitate you, then I guess I have little discretion but to remove you from society so that I can protect these people from you, so you are not out killing someone else's cow or doing something else.

Your crimes are varied. You know, you don't have a pattern. It was a narcotics charge in Washington. That was after the cow case in Idaho. And beating up on a police officer, I don't know, obstructing an executive officer, which is

a serious crime. Resisting an executive officer, 1974. I mean, you don't restrict yourself to one thing. You sure have a lot of variety.

The judge took Johnson's crime, his past criminal activity, his potential for rehabilitation, and balanced them against the need to protect society. The judge did not abuse his discretion. The sentence as modified is reasonable.

■ In his brief, Johnson makes allegations of ineffective assistance of counsel and of judicial bias. The purpose of the Rule 35 motion is either to correct or reduce the sentence as imposed. These other issues are improperly raised under Johnson's Rule 35 motion. *State v. Roach*, 112 Idaho 173, 730 P.2d 1093 (Ct.App.1986). Therefore, we will not address them in this opinion.

Accordingly, we affirm the order modifying the sentence and denying further relief under Rule 35.

WALTERS, C.J., and BURNETT, J., concur.