**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 41217**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 399** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 28, 2014** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JEREMY JOSEPH BROWN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. John R. Stegner, District Judge.

Order denying I.C.R. 35 motion to correct illegal sentence, <u>affirmed</u>.

Jeremy Joseph Brown, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Jeremy Joseph Brown pleaded guilty to aggravated battery and a sentencing enhancement for the shooting of an acquaintance. Brown filed a motion to correct an illegal sentence under Idaho Criminal Rule 35. In that motion he contended that the sentence imposed for his crime violates double jeopardy and due process. The district court denied the motion and Brown appeals.

## I.

## BACKGROUND

Although the parties disputed the exact sequence of events, the record shows that Brown, while significantly intoxicated, willfully shot his victim in the head. As a result of the shooting, the victim was blinded, lost his sense of smell, and suffered significant memory loss. Brown was charged with aggravated battery in violation of Idaho Code §§ 18-903, 18-907(1)(b). In the same information, the State alleged two sentencing enhancements, one for the infliction of great

1

bodily injury under I.C. § 19-2520B, and one for the use of a firearm under I.C. § 19-2520. In an amended information, the State removed the first sentencing enhancement alleging great bodily injury.

After the charging document was amended, the State and Brown entered into a binding plea agreement. Under the terms of that agreement, Brown pled guilty and the parties agreed that the Court would impose a prison sentence.[1] After a sentencing hearing, the court imposed a fifteen-year fixed prison sentence for the aggravated battery charge and a fifteen-year unified sentence, with ten years fixed, for the sentencing enhancement. In its judgment of conviction, the court indicated that these sentences were to be served consecutively.

Brown, through counsel, filed a motion seeking leniency under I.C.R. 35(b). The motion was based, in part, upon a statement by the sentencing court that it would, if such were possible, "impose upon Mr. Brown the injuries he has sustained on [the victim]." At the hearing on that motion, the court indicated that it had been sincere when it made that comment, but that its decision was made while "passionate," "angry," and "sad." The court made clear that these emotions flowed from Brown's senseless and unfathomable use of deliberate violence. The court then reduced Brown's sentence to a unified sentence of thirty years with twenty years fixed. When asked how the sentence was split between the offense and the enhancement, the court indicated that it was reducing the fixed sentence on the enhancement. In the accompanying order, the court reduced Brown's sentence to fifteen years fixed, for the aggravated battery and a consecutive, unified sentence of fifteen years with five years fixed on the enhancement "for a total maximum period of confinement of Thirty (30) years and a total minimum period of confinement of Twenty (20) years."

Over ten years later, Brown, without the assistance of counsel, filed a motion to correct an illegal sentence under I.C.R. 35(a). He alleged two forms of double jeopardy, ineffective assistance of counsel, and a due process claim. As to double jeopardy, Brown argued that the court erred by imposing consecutive sentences for the aggravated battery and the enhancement and that it was impermissible to apply a firearm enhancement for aggravated battery where the

---

[1] The record indicates that the victim nearly died from the gunshot and, months later, nearly died from an infection precipitated by the gunshot. From the record below, there is some indication that one purpose of the plea agreement was to limit Brown's criminal liability if the victim later died from the shooting.

2

aggravating factor elevating the battery to a felony was the use of that firearm. He also alleged that his counsel was ineffective for failing to file an appeal. Finally, Brown argued that he was denied due process of law when he was charged with aggravated battery instead of the intentional, but not malicious, pointing of a firearm that causes maiming or injury under I.C. § 18-3306. That statute contains the word "shall," and Brown argued that this language is mandatory. Because the language is mandatory, he contended that the State was required to charge him with that crime and was not permitted to charge aggravated battery.

The district court denied Brown's motion. As to the first double jeopardy claim, the court held that Brown was not subjected to two sentences but to a single sentence that included an enhancement. As to the second double jeopardy claim, regarding the use of a firearm, the court held that the enhancement was not a second punishment for the purposes of double jeopardy. As to the ineffective assistance of counsel claim, the court determined that the claim could not be properly brought under I.C.R. 35(a). Finally, the court rejected the claim that Brown was entitled to be charged under I.C. § 18-3306 as the prosecutor had discretion in bringing charges.

Brown appealed and contends that the district court erred by denying his Rule 35 motion. On appeal, he asserts that he was entitled to relief on each of the grounds set forth in his motion.

## II.

## ANALYSIS

Idaho Criminal Rule 35 is a narrow rule that allows a trial court to correct an illegal sentence at any time, or to correct a sentence imposed in an illegal manner within 120 days. *State v. Clements*, 148 Idaho 82, 84, 218 P.3d 1143, 1145 (2009); *see also* I.C.R. 35; *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991). "[T]he term 'illegal sentence' under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing." *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

**A.      Consecutive Sentences Claim**

In this case, the order reducing Brown's sentence could be read to impose two sentences consecutively:  an aggravated battery sentence and a separate enhancement sentence.  Brown argues that such a sentence would violate double jeopardy.  However, even if we construed the language that way, Brown has failed to show error.  In *State v. Alsanea*, 138 Idaho 733, 745, 69 P.3d 153, 165 (Ct. App. 2003), when describing the firearm enhancement, the Court stated that the defendant "was sentenced to a[n] 'indeterminate period of custody of up to fifteen (15) years consecutive' to his sentence for the second count of aggravated assault."  As Brown does now, the defendant in that case complained "that the district court erroneously imposed a separate, consecutive sentence for his use of a firearm during commission of the aggravated assaults, rather than enhancing one of his aggravated assault sentences."  *Id*.  We held that the defendant in *Alsanea* was not entitled to any relief:

> The legality of a sentence is a question of law over which we exercise free review. The term "consecutive" is inappropriate when referring to a sentence enhancement for use of a firearm.  It may connote, inaccurately, the existence of two separate sentences.  It is well established that, regardless of the terminology employed, a firearm enhancement is part of a single sentence.  Although the enhancement must be specifically identified for appellate review, the base sentence and the enhancement should be construed as one continuous sentence. Accordingly, the mere choice of a possibly inappropriate word does not give rise to Rule 35 relief, absent a showing that it has caused the enhanced sentence to be administered improperly.

*Id*. (internal citations omitted).  Brown does not attempt to distinguish *Alsanea* or argue that it was incorrectly decided; rather, he cites it as authority for the proposition that consecutive sentences are inappropriate.  Although *Alsanea* does stand for the proposition that describing a sentence in that way is inaccurate, it also unambiguously stands for the proposition that such an inaccuracy is not grounds for relief.  Accordingly, while we urge the district court not to use such terminology in the future when imposing an enhanced sentence, we conclude that Brown has not shown that he was entitled to any relief.

**B.      Claim that Firearm Enhancement Constitutes Double Jeopardy**

Brown argues that his sentence violates double jeopardy because the State used a single fact, Brown's use of a firearm, in two ways.  The State charged him with aggravated battery, alleging the use of a firearm elevated the battery to a felony under I.C. § 18-907(1)(b).  It also alleged the same use of a firearm to support the firearm enhancement under I.C. § 19-2520.

4

Brown relies on *State v. Guillaume*, 975 P.2d 312, 318 (Mont. 1999) to support his contention that this violates double jeopardy under Idaho's pleading theory. The Montana court there held that the Fifth Amendment does not bar such a punishment regime, but construed the Montana Constitution to provide broader protections and on that basis granted the defendant relief. *Guillaume* is plainly irrelevant to Idaho's pleading theory of double jeopardy. It does not cite our rule, reference our rule, or adopt a similar rule.

Moreover, Brown fails to address the relevant Idaho authorities. Idaho courts have heard and rejected this particular claim for decades. For example, in *State v. Metzgar*, 109 Idaho 732, 710 P.2d 642 (Ct. App. 1985), the defendant raised a claim that is nearly identical to the one presented by Brown:

> He points out that using a firearm elevated his crime from a simple assault to an aggravated assault, but using the firearm was also responsible for the sentence enhancement. Therefore, Metzgar urges that this "double enhancement" first violates his constitutional right against double jeopardy.

*Id.* at 734, 710 P.2d at 644. When addressing Metzgar's claim, we quoted the ruling of the United States Supreme Court in *Missouri v. Hunter*, 459 U.S. 359 (1983):

> Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

*Id.* at 368-69. We held that Metzgar's double jeopardy claim failed because I.C. § 19-2520 states, "This section shall apply even in those cases where the use of a firearm is an element of the offense." This language, we said, expressly evinces legislative intent that cumulative punishments be imposed.

Although Brown references Idaho's "pleading theory" of double jeopardy,[2] he does not distinguish *Metzgar*, or argue how the "pleading theory" should alter the analysis set forth in *Metzgar*. Therefore, we conclude Brown has not shown error.

---

[2]  Idaho recognizes a "pleading theory" of double jeopardy. *State v. Flegel*, 151 Idaho 525, 529, 261 P.3d 519, 523 (2011). "This theory holds 'that an offense is an included offense if it is alleged in the information [or indictment] as a means or element of the commission of the higher offense.'" *Id.* (quoting *Sivak v. State*, 112 Idaho 197, 211, 731 P.2d 192, 206 (1986)); *see also State v. Anderson*, 82 Idaho 293, 301, 352 P.2d 972, 977 (1960).

5

**C.      Ineffective Assistance of Counsel Claim**

Brown argues that his counsel was ineffective because he failed to file an appeal. This is not a permissible basis for relief under I.C.R. 35. By its express terms, Rule 35 permits a defendant to challenge "a *sentence* that is illegal from the face of the record." I.C.R. 35(a) (emphasis added). This Court has held that a claim of ineffective assistance of counsel may not be presented through a Rule 35 motion. *State v. Warren*, 135 Idaho 836, 842, 25 P.3d 859, 865 (Ct. App. 2001); *State v. Johnson*, 117 Idaho 650, 652, 791 P.2d 31, 33 (Ct. App. 1990).

Brown cites *State v. Peterson*, 148 Idaho 610, 613, 226 P.3d 552, 555 (Ct. App. 2010) for the proposition that this Court has not decided whether ineffective assistance of counsel claims may be raised in a Rule 35 motion. *Peterson* did not impliedly abrogate our prior decisions. The decision merely noted that the Court need not address that issue because the ineffective assistance claim was rejected on other grounds. Moreover, *Peterson* does not support Brown's claim. In that case, we held that "even if I.C.R. 35 was a proper vehicle for presentation of [the defendant's] claim of ineffective assistance of counsel in sentencing proceedings, the motion was untimely under that rule." The Court then held that, assuming Rule 35 could be a proper vehicle to bring an ineffective assistance claim, it would not amount to a claim that the sentence itself was illegal under I.C.R. 35(a). Therefore, it would be considered under I.C.R. 35(b). A motion under I.C.R. 35(b) would have to be filed within "120 days after the filing of a judgment of conviction or within 120 days after the court releases retained jurisdiction." Here, Brown was convicted, sentenced, and had his sentence reduced in 2002. He filed this Rule 35 motion in 2013. The time to file an I.C.R. 35(b) motion had long since expired. Accordingly, even *Peterson* would bar Brown's claim as untimely.

**D.      Due Process Claim**

Brown next argues that due process of law required that he be charged under I.C. § 18-3306, which states:[3]

---

[3]      It is not clear whether this claim was intended to be freestanding. Portions of Brown's briefing indicate that this claim should be considered as part of the ineffective assistance of counsel claim because Brown intended that this due process issue be asserted as a claim on direct appeal. Giving his brief a liberal reading, we consider this claim separately.

Any person who shall maim or injure any other person by the discharge of any firearm pointed or aimed, intentionally but without malice, at any such person, shall be guilty of a misdemeanor, and shall be punished by a fine of not less than fifty dollars ($50.00) nor more than one thousand dollars ($1,000), or imprisonment in the county jail for a period of not more than one (1) year; and if death ensue from such wounding or maiming, such person so offending shall be deemed guilty of the crime of manslaughter.

He argues that the words "shall be guilty of a misdemeanor" and "shall be punished" are mandatory[4] and restrict the State's discretion in bringing criminal charges. He contends this provision barred the State from prosecuting him for aggravated battery and that he has been prejudiced because his sentence for aggravated battery exceeds the sentence permitted under I.C. § 18-3306.

Brown's claim is meritless. We have previously discussed the scope of the State's discretion in bringing charges:

It is established in Idaho that a prosecutor has discretion in determining what charge to file against a defendant. Where the facts legitimately invoke more than one statute, a prosecutor is vested with a wide range of discretion in deciding what crime to prosecute. Prosecutors necessarily must choose between statutes with varying sentencing schemes each time a defendant's actions satisfy the elements of more than one statute. The discretion of a prosecutor to choose between two statutes which proscribe the same conduct, but provide for different penalties, does not generally violate the state or federal constitution.

*State v. Hernandez*, 136 Idaho 8, 12, 27 P.3d 417, 421 (Ct. App. 2001) (internal citations and marks omitted).

The language in I.C. § 18-3306 and similar statutes does not constrain the prosecutor's discretion. The phrases "shall be guilty of a misdemeanor" and "shall be punished" cannot be properly construed without considering the context. That language mandates the punishment

---

[4] We note that similar language appears in numerous Idaho statutes. *See, e.g.*, I.C. § 18-1511 (sale or barter of a child for adoption); I.C. § 18-2410 (fraudulent removal of serial numbers); I.C. § 18-3105 (false statement by a commission merchant); I.C. § 18-3613 (simulation of car keys); I.C. § 18-3905 (transportation of hazardous waste); I.C. § 18-4626 (willful concealment of goods, wares or merchandise); I.C. § 18-5807 (polluting water by leaving animal carcasses near highways, dwellings or streams); I.C. § 18-6713 (theft of telecommunications services); I.C. § 18-6903 (pirating movies using a video recording device); I.C § 18-7011 (criminal trespass).

that must be imposed on a person who is convicted of committing the described crime. The "shall" language does not restrict a prosecutor's discretion in bringing charges.

## III.

## CONCLUSION

Brown has not demonstrated any error in the court's denial of his Rule 35 motion. His double jeopardy claims are contradicted by prior Idaho law, he is not permitted to raise an ineffective assistance of counsel claim through a Rule 35 Motion, and he is not entitled to be charged under a different statute. Therefore, the order denying the motion is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**