996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul E. ALFORD, Petitioner-Appellant,
v.
Larry W. HUFFMAN, et al., Respondents-Appellees.
 No. 91-15231.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1992.
Decided June 21, 1993.
 
 Before NORRIS, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Paul Alford petitions this court for a writ of habeas corpus. He contends that 1) the district court erred in holding that the bulk of his claims were procedurally barred, 2) statements made by the prosecutor at trial violated due process, 3) the state court's failure to suppress evidence violated due process, and 4) the state court's sentencing decision constituted double jeopardy. We deny the petition.
 
 
 3
 * The district court rejected the majority of the claims presented in Alford's habeas petition on the ground that they had not been raised on direct appeal and were therefore procedurally barred. To overcome a state procedural bar, petitioner must establish cause and prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). He has established neither.
 
 
 4
 On direct appeal, petitioner requested that his attorney raise certain issues. His attorney refused. Petitioner argues that his attorney's refusal constituted ineffective assistance of counsel, and that this ineffective assistance is cause to overcome a procedural bar. Indigent defendants, however, do not have a right to have their attorneys raise all the issues the defendant wishes to raise. Jones v. Barnes, 463 U.S. 745, 751 (1983) (an indigent defendant does not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.").[1] To demonstrate ineffectiveness for failure to raise issues on appeal, a defendant must point to particular issues that were not raised and prove that his lawyer's failure to raise them constituted ineffective assistance. He may not, as petitioner here does, simply allege that counsel had an obligation to follow his client's legal advice. Because petitioner has failed to prove that his counsel was ineffective, he has defaulted all claims that he failed to raise on direct appeal. See Murray v. Carrier, 477 U.S. 478, 492 (1986) ("Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial.").
 
 II
 
 5
 Alford's defense at trial was self-defense. During his cross-examination of Alford, the prosecutor challenged Alford's claim of self-defense, arguing that if Alford had acted in self-defense he would not have been charged with the crime. The prosecutor's questioning was improper. First, the questioning amounted to saying that the prosecutor personally believed the defendant was guilty and not credible. "The rule that a prosecutor may not express his personal opinion of the defendant's guilt or his belief in the credibility of witnesses is firmly established." United States v. McKoy, 771 F.2d 1207, 1210-1211 (9th Cir.1985). Second, by implying that he had personal knowledge that individuals who shoot in self-defense are not charged, the prosecutor in effect discredited the witness by relying on personal knowledge outside of the record. United States v. Roberts, 618 F.2d 530, 533-34 (9th Cir.1980). The charging decision is an area of expertise for prosecutors, and through his questioning the prosecutor acted as a sort of expert witness, attempting to convince the jurors that the defendant was guilty because he was charged. This was error.
 
 
 6
 It was not, however, error of constitutional magnitude. To prevail on a claim of prosecutorial misconduct in a federal habeas proceeding, petitioner must show that the argument "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). Petitioner has failed to make this showing. The prosecutor's statement was an isolated event in the trial. Moreover, the evidence against petitioner, while not overwhelming, was substantial. Finally, the prosecutor's statements, while error, were significantly less prejudicial than other statements that have been held to not violate due process. In Darden v. Wainwright, 477 U.S. 168, 179 (1986), for example, the Court said that the prosecutor's closing argument "deserves the condemnation it has received from every court to review it." In Darden, the prosecutor, among other errors, called the defendant an "animal," said "I wish I could see [the defendant] sitting here with no face, blown away by a shotgun," and told the jury that imposing the death penalty was the only way to protect society from a future similar act. Id. at 180. Nonetheless, the Court concluded that these comments did not deprive the petitioner of a fair trial. Id. at 181. Accordingly, we hold that the prosecutor's statements here did not so infect the trial as to violate due process.
 
 III
 
 7
 Petitioner argues that the state court erred in denying his suppression motion. Suppression claims are not cognizable on federal habeas when the state has provided an opportunity for full and fair litigation of the claim. Stone v. Powell, 428 U.S. 465 (1976). Petitioner argues that Stone does not control, and that this case is instead governed by Kimmelman v. Morrison, 477 U.S. 365 (1986). Kimmelman held that Stone's restriction on federal habeas does not apply to Sixth Amendment ineffective assistance of counsel claims founded principally on incompetent representation with respect to a Fourth Amendment claim. Id. at 382-83. Kimmelman and the Sixth Amendment, however, do not apply here. Because we have held petitioner's ineffective assistance claim to be procedurally barred, we construe his suppression claim as a pure Fourth Amendment claim. Accordingly, because petitioner has not established that he was denied a full and fair hearing on his suppression claim in state court,[2] Stone bars review of it on federal habeas.
 
 IV
 
 8
 The trial court relied on three aggravating factors at sentencing. Two of the factors (infliction of serious physical injury and use of a deadly weapon) are elements of the offense. Petitioner argues that because an aggravation/mitigation hearing is the functional equivalent of a trial in Arizona, the court's reliance on aggravating factors that are also elements of the offense violated the Double Jeopardy Clause. We disagree. A state may, as Arizona has done here, create a sentencing scheme that uses aggravating factors that are also elements of the offense. May v. Sumner, 622 F.2d 997, 999 (9th Cir.1980). Petitioner's reliance on Grady v. Corbin, 495 U.S. 508 (1990), is misplaced, because Grady bars only successive prosecutions based on the same conduct. It provides no support for petitioner's claim that sentencing is the functional equivalent of a prosecution.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Petitioner argues that Jones was "decided wrongly" and is "bad law". That is an argument better aimed at the Supreme Court
 
 
 [2]
 Petitioner has not alleged that the state court did not provide him with a full and fair hearing on his suppression claim. Accordingly, the district court did not err in denying him an evidentiary hearing on this issue