OPINION
Defendant, Dwayne Wilcoxson, appeals from his conviction and sentence on one count of aggravated robbery with a firearm specification.
Dwayne Wilcoxson was indicted by the Clark County grand jury on seven counts of Aggravated Robbery in violation of R.C.2911.01(A)(1) and six counts of Kidnaping in violation of R.C.2905.01(A)(2). A firearm specification was attached to each of the thirteen charges. On March 7, 1997, pursuant to a negotiated plea agreement, Wilcoxson entered a guilty plea to one count of aggravated robbery with a firearm specification, in exchange for the State's agreement to dismiss the remaining twelve charges and specifications. The trial court subsequently sentenced Wilcoxson to nine years imprisonment on the aggravated robbery, plus an additional and consecutive three years on the firearm specification.
On November 9, 1998, we granted Wilcoxson leave to file a delayed appeal. That appeal is now before this court for consideration on the merits.
FIRST ASSIGNMENT OF ERROR
 INEFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE UNITED STATES CONSTITUTION, AMEND. VI, XIV: AND THE OHIO CONSTITUTION ART. I. 10, AND I, 16.
We take the sense of the error that Wilcoxson has assigned to be that he was denied his right to the effective assistance of counsel in the proceedings before the trial court.
The standard for judging the quality of representation by defense counsel in a criminal case is set forth in Strickland v.Washington (1984), 466 U.S. 668. In reviewing that standard the Ohio Supreme Court in State v. Bradley (1989), 42 Ohio St.3d 136,142, stated:
 "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, supra, at 687-688, 104 S.Ct. at 2064. The court recognized that there are "* * * countless ways to provide effective assistance in any given case. * * *" Id. at 689, 104 S.Ct. at 2065. Therefore, the court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential. * * *" Id. In addition, "[b]ecause of the difficulties inherent in making the evaluation, a court must [538 N.E.2d 380] indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Id. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.
 Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 [101 S.Ct. 665, 667-68, 66 L.Ed.2d 564] (1981)." Strickland, supra, 466 U.S. at 691, 104 S.Ct. at 2066. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, at 694.
Wilcoxson alleges that defense counsel's representation was ineffective for lack of preparation and failure to investigate the case. The record before this court does not support that claim.
We note that to the extent this claim depends upon facts which are de hors the record, the proper vehicle for prosecution of this claim is a petition for post-conviction relief filed pursuant to R.C. 2953.21, not a direct appeal to this court.State v. Cooperrider (1983), 4 Ohio St.3d 226. Moreover, Wilcoxson's ineffective counsel claims have been set forth in broad conclusory terms. Wilcoxson fails to identify any specific action or inaction on defense counsel's part which allegedly constitutes deficient performance. There is no argument regarding what defense counsel specifically did that he should not have done or what he should have done but failed to do.
The record before this court demonstrates that defense counsel successfully negotiated a plea bargain on Wilcoxson's behalf whereby thirteen first degree felony charges were reduced to but one. Wilcoxson has failed to demonstrate the prejudice required in order to find deficient performance by defense counsel.
Wilcoxson's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT: WHEN IT DID NOT SENTENCE DEFENDANT-APPELLANT IN ACCORDANCE WITH OHIO REVISED CODE 2941.25 (ALLIED OFFENSES OF SIMILAR IMPORT) THUS IN VIOLATION OF U.S. CONST. XIV AND OHIO CONST. I.10 I.16 DUE PROCESS.
Wilcoxson argues that his sentence is improper because it violates R.C. 2941.25, Ohio's allied offenses of similar import statute. This case does not involve multiple offenses, however.
Wilcoxson pled guilty to one count of aggravated robbery with an accompanying firearm specification. The firearm specification does not constitute a separate criminal offense. Rather, it constitutes an enhanced penalty which the General Assembly has specifically authorized when a weapon is used in committing a felony. R.C. 2929.14(D)(1)(a)(i). Therefore, imposition of three years of actual incarceration on the firearm specification in addition to the term of imprisonment for the underlying aggravated robbery charge does not violate either R.C. 2941.25 or double jeopardy principles. State v. Strozier (October 5, 1994), Montgomery App. No. 14021, unreported; State v. Price (1985),24 Ohio App.3d 186; State v. Mullins (1986), 34 Ohio App.3d 192;State v. Blankenship (1995), 012 Ohio App.3d 534; State v. Messer
(1995), 107 Ohio App.3d 51.
Wilcoxson's second assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.